IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE GIBSON,

    Plaintiff,                    CV F 00 5381 AWI WMW   P

    vs.                            FINDING AND RECOMMENDATION
                                     RE MOTIONS FOR INJUNCTIVE RELIEF
                                     (DOCUMENTS 135, 136)

GEORGE GALAZA, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se. Pending before the court is Plaintiff's Emergency Motion for Appointment of Counsel and Injunctive Relief and Plaintiff's Motion for Emergency Restraining Order and Intervention of Federal Court and Investigation, and to Join New Charges to this Claim.

       Plaintiff's Emergency Motion for Appointment of Counsel and Injunctive Relief consists of a single page. Plaintiff sets forth a narrative statement of events that occurred on August 12, 2005, regarding efforts of correctional officials at High Desert State Prison to end a hunger strike by Plaintiff.

       This action proceeds on a single claim of excessive force that occurred while Plaintiff was housed at Corcoran State Prison on June 5, 2000. There are no claims or allegations at issue regarding any conduct by any individual at High Desert State Prison. None of the individuals

that Plaintiff refers to are parties to this action.  The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court. Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).   This motion should therefore be denied.

Similarly, Plaintiff's Emergency Motion for the Appointment of Counsel and Injunctive Relief and Temporary Restraining order addresses conduct by individuals not a party to this action.  The conduct at issue occurred in August of 2005 at High Desert State Prison.  The allegations in this motion are beyond the scope of this action, and concern individuals who are not before the court.[1]

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

---

[1] Plaintiff's motion for the appointment of counsel is denied for the reasons set forth in the three prior orders denying Plaintiff's requests for the appointment of counsel.

IT IS SO ORDERED.

**Dated:   August 10, 2006**                     **/s/  William M. Wunderlich**
mmkd34                                            UNITED STATES MAGISTRATE JUDGE