IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLARENCE GIBSON,** | CV-F-00-5381 AWI WMW P |
| **Plaintiff**, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | |
| | ORDER DENYING PLAINTIFF'S MOTIONS FOR COUNSEL AND FOR PRELIMINARY INJUNCTIVE RELIEF |
| **GEORGE GALAZA, et al.,** | |
| **Defendants**. | |
| | [Docs. #135 & #136] |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On August 10, 2006, the Magistrate Judge filed a Findings and Recommendations that recommended Plaintiff's motion for injunctive relief and counsel be denied. The Findings and Recommendations contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. On August 23, 2006, Plaintiff filed objections to the Findings and Recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper

analysis.  As explained by the Magistrate Judge, a federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question.  Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  At this juncture, the court does not have jurisdiction to issue the order sought by Plaintiff.  Plaintiff's proposed preliminary injunction requests the court issues orders over staff at High Desert State Prison who are not parties to this action.   The court is unable to issue any order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).   Thus, preliminary injunctive relief is not available.   For the same reasons, the appointment of counsel to assist in litigating what occurred at High Desert State Prison is not appropriate.

Accordingly, the court ORDERS that:

1. The Findings and Recommendations filed on August 10, 2006 are ADOPTED in full;
2. Plaintiff's motions for a temporary restraining order and preliminary injunctive relief (Documents #135 & #136) are DENIED; and
3. Plaintiff's motion for the appointment of counsel (Document #135) is DENIED

IT IS SO ORDERED.

**Dated:   September 26, 2006**              /s/ Anthony W. Ishii
0m8i78                                                        UNITED STATES DISTRICT JUDGE