IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE GIBSON, | CV-F-00-5381 AWI WMW P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO VACATE JUDGMENT |
| v. | |
| GEORGE GALAZA, et al., | [Docs. #165] |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On July 31, 2006, Plaintiff filed a motion to vacate judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. This motion appears to take issue with an order filed by the Magistrate Judge on July 17, 2006, in which the Magistrate Judge denied Plaintiff's motions concerning trial matters because a trial date has not yet been set.

Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J

Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  This showing is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).  A judgment is not properly reopened "absent highly unusual circumstances."  Id.  Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000). A district court's denial of a motion for a new trial or to amend a judgment pursuant to Federal Rule of Civil Procedure 59 is reviewed for an abuse of discretion.  Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001).  A district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts. Coughlin v. Tailhook Ass'n, 112 F.3d 1052, 1055 (9th Cir. 1997).  Here, the court has not yet entered judgment.  Accordingly, no motion to vacate judgment is appropriate.

It is possible Plaintiff is attempting to ask the court to reconsider the July 17, 2006 order. The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).   The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  After the time to file dispositive motions has passed and all dispositive motions have been ruled on, the court will

1 issue an order setting a trial date. Until a trial date is set, Plaintiff's motions concerning trial are
2 premature.
3       Accordingly, Plaintiff's motion to vacate judgment (document #165) is DENIED.

5 IT IS SO ORDERED.

6 **Dated:**   **March 19, 2007**                    **/s/ Anthony W. Ishii**
0m8i78                                  UNITED STATES DISTRICT JUDGE

3