IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE GIPBSIN, ) | 1: 00-CV-5381 AWI WMW PC |
| Plaintiff, ) | ORDER DENYING MOTIONS FOR |
| v. ) | HEARING AND JUDGMENT |
| GEORGE M. GALAZA et al., ) | (Documents #208 & #209) |
| Defendants. ) | |

  Plaintiff is a state prisoner proceeding pro se with a civil rights complaint brought pursuant to 42 U.S.C. § 1983. On October 30, 2007, Plaintiff filed a motion for a hearing before the court and for judgment. This motion asks for judgment to be entered in this case because Defendants failed to file a status report. On November 15, 2007, Plaintiff filed a motion to the district court judge for a hearing for summary adjudication. This motion contends that Defendants are in default and the court should set a hearing for Plaintiff to obtain summary adjudication. On November 28, 2007, the Magistrate Judge issued a scheduling order setting trial in this action for June 17, 2007.

  The court construes the pending motions as motions for the undersigned to reconsider the Magistrate Judge's failure to enter judgment for Plaintiff. Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's nondispositive order within ten days. Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking,

825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u>, e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The underlying basis of Plaintiff's pending motions is that Plaintiff believes default judgment should be entered because Defendants failed to file a status report. The court has reviewed the docket in this action. Defendant Galaza and Defendant Decker were dismissed from this action in May, 2002. As such, these defendants are no longer part of this case, and they are not in default. Defendant Walker filed an answer in March 2004. Thus, Defendant Walker is not in default. Because the only remaining Defendant has made an appearance in this action, he is not in default and default judgment is not appropriate.

It also appears from Plaintiffs' pending motions that Plaintiff does not understand the next procedural step in this action and is overall frustrated with the fact this case has been pending for seven years. Because the dispositive motion deadline has now passed, the next procedural step in this action is a trial where Plaintiff can present his evidence to a jury. Plaintiff's concerns about delay have been addressed because this action is now set for trial.

Accordingly, Plaintiff's motions for a hearing and judgment are DENIED.

IT IS SO ORDERED.

**Dated:   December 20, 2007**              /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE

2