IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE GIBSON,<br><br>  Plaintiff,<br><br>  v.<br><br>LT. WALKER,<br><br>  Defendants. | NO. 1:00-cv-05381-GSA-PC<br><br>ORDER DENYING POST-TRIAL MOTIONS<br><br>(Docs. 272, 288, 289, 290, 292, 293, 294, 296, 297, 299, 300, 301, 302,) |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).[1] Pending before the court are several pre and post-trial motions filed by Plaintiff.

Plaintiff filed this lawsuit against Defendant Lt. Walker on a claim of excessive force. On January 28, 2009, a verdict was entered in favor of Defendant Walker after a two day jury trial. Plaintiff filed a notice of appeal. On July 2, 2010, a memorandum order was entered by a panel of the Ninth Circuit, affirming the judgment entered in favor of Lt. Walker. The Ninth Circuit held that Plaintiff waived the claims he made on appeal because he did not raise them before the district court, nor did he support them with any analysis, legal argument, citation to

---

[1] The jury trial of this matter was presided over by U.S. Magistrate Judge William M. Wunderlich.  Magistrate Judge Wunderlich retired effective June 30, 2009.  This action has be re-assigned to U.S. Magistrate Judge Gary S. Austin.

authority, or record evidence.  On August 9, 2010, an order was entered by the Ninth Circuit panel, denying a petition for rehearing.

Plaintiff filed a pretrial motion for a settlement conference.  Because a judgment has been entered in Defendant's favor, any request for settlement is moot.  On the day after the entry of judgment, Plaintiff filed motions for summary judgment, for a settlement conference, and to include John Doe defendants in his excessive force claim.  These motions are untimely, and are inappropriate post-trial motions.  They should therefore be denied.

Plaintiff filed a motion for the appointment of counsel, which was denied by the Ninth Circuit on July 1, 2009.  Plaintiff filed a motion for trial transcripts.  Because Plaintiff's appeal has been resolved, there is no ground for the production of trial transcripts at the court's expense. 28 U.S.C. § 753(f).  These motions should therefore be denied.

Plaintiff has also filed a motion for a new trial.  Though unclear from the motion, Plaintiff appears to refer to videotape evidence he sought during discovery.  The request was denied on the ground that Defendant had no custody or control of any such evidence, and was not aware of the existence of any such evidence.  Plaintiff has set forth no ground upon which a new trial may be had.

Plaintiff has also filed post-trial motions titled as a motion for abuse of discretion and motion of "dilatorial deceptive practices by the Attorney General."  These motions challenge pretrial rulings made by the district court, and set forth what appear to be objections to defense counsel's cross examination of the Defendant.  Such motions are untimely and without merit.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or

2

1 | taken." Id.

2 | Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)(en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

This action has been fully litigated. Plaintiff had the opportunity present his case to a jury, and a verdict was entered for the Defendant. In the present case, the court finds that the above standard has not been met. Plaintiff has not set forth any grounds in any of his motions for post-trial or post-judgment relief.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's outstanding pre and post-trial motions are denied. This case remains closed. No further motions or requests for court action will be entertained.

IT IS SO ORDERED.

Dated:   **September 16, 2010**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

3